IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

LARRY ELLIS                                                                                           PLAINTIFF

V.                                                                       CIVIL ACTION NO.4:08CV74-SA-JAD

LEE SIMON, et al.                                                                                DEFENDANTS

REPORT AND RECOMMENDATION

This matter came on for an evidentiary hearing before the undersigned on June 11, 2009. After the presentation of some but not all of his witnesses, the plaintiff requested a continuance of the hearing. The plaintiff indicated that he felt that he needed counsel and assured the court that he was in a position to obtain counsel to represent him. The undersigned advised the plaintiff that if a continuance was granted during the middle of the hearing that he would be given 30 days in which to obtain counsel and that in the absence of counsel entering an appearance during that time, that his lawsuit would be finally dismissed. The plaintiff agreed to this condition. The undersigned ascertained that the plaintiff in fact understood the conditions upon which the continuance was granted.

More than 30 days have elapsed since the continuance of the evidentiary hearing. No counsel has entered an appearance in this matter on behalf of the plaintiff nor has the plaintiff requested additional time in which to obtain counsel. The only action taken by the plaintiff since the evidentiary hearing has been a motion for entry of default against the defendant Angie Davis. There was no evidence at the evidentiary hearing upon which this court could base a damages award against Davis.

Having been granted the extraordinary relief of a mid-trial continuance and having failed to abide by the terms upon which the continuance was granted, the undersigned recommends that this action be dismissed with prejudice as to all defendants.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within fourteen days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 22nd day of July, 2009.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE